No. 98-677

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 155

295 Mont. 97

983 P.2d 907

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RUSSELL ROSS RENNICK,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

Honorable Kenneth R. Neill, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Bethany F. Schendel, Great Falls, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Jennifer Anders,

Assistant Attorney General, Helena, Montana

Brant S. Light, County Attorney; Marvin Anderson, Deputy County

Attorney, Great Falls, Montana

Submitted on Briefs: June 3, 1999

Decided: July 1, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Russell Ross Rennick appeals the order of the Eighth Judicial District Court, Cascade County, ordering him to pay restitution in connection with his plea of guilty to driving while under the influence (DUI) and failure to carry proof of insurance. We reverse.**

**¶2. The sole issue presented in this case is whether the District Court erred in ordering Rennick to pay restitution after judgment had already been entered and for offenses which were dismissed as part of a plea bargain.**

**¶3. Rennick was originally charged before the Justice Court for Cascade County with negligent endangerment, boating under the influence of drugs or alcohol, driving while under the influence, and failure to carry proof of insurance. Pursuant to a plea agreement, the charges of negligent endangerment and boating under the influence were dropped in exchange for Rennick's plea of guilty to driving under the influence and failure to carry insurance. Rennick was given a 10-day suspended sentence and a $300 fine for the DUI and a six-month suspended sentence and $500 fine for failure to carry insurance. The Justice Court further provided that "the State is hereby given 10 days from the date of this Order to notify the Court regarding Restitution."**

**¶4. The State filed a timely motion for restitution in the amount of $366.36 for the**

medical and repair expenses incurred by the victim of the boating accident giving rise to Rennick's negligent endangerment charge. The Justice Court conducted a hearing on the motion, and approximately five months after the entry of Rennick's original sentence, entered its order of restitution.

¶5. Rennick appealed the order to the Eighth Judicial District Court for Cascade County, which upheld the order of the Justice Court and dismissed Rennick's appeal. From this order, Rennick appeals.

## DISCUSSION

¶6. Did the District Court err in ordering Rennick to pay restitution after judgment had already been entered and for offenses which were dismissed as part of a plea bargain?

¶7. We review the imposition of a sentence for legality only. *State v. Graves* (1995), 272 Mont. 451, 463, 901 P.2d 549, 557. The standard of review on the legality of a sentence is whether the sentencing court abused its discretion. *Graves*, 272 Mont. at 463, 901 P.2d at 557.

¶8. Rennick argues, and the State concedes, that the Justice Court erred in ordering Rennick to pay restitution to the victim of his negligent endangerment offense when that charge had been dropped as a result of his plea bargain and no provision was made in the plea bargain for payment of restitution. Rennick also argues, and the State concedes, that the Justice Court did not have the authority to reserve jurisdiction to enter an order of restitution five months after the judgment against Rennick had been entered.

¶9. Once a valid sentence is imposed, a court lacks jurisdiction to modify that sentence absent specific statutory authority. *State v. Richards* (1997), 285 Mont. 322, 326, 948 P.2d 240, 242. Nor can a court reserve the right to change the sentence or add conditions at a later time. *State v. Finley* (1996), 276 Mont. 126, 148, 915 P.2d 208, 222.

¶10. We hold that the District Court abused its discretion in ordering Rennick to pay restitution. For this reason, the decision of the District Court is reversed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY