No. 00-026

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 145

300 Mont. 49

3 P. 3d 614

---

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROBIN BEAVERS,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen, Jr., Cascade County Public Defender's Office,

Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney; Susan Brooke, Deputy

County Attorney, Helena, Montana

---

Submitted on Briefs: April 27, 2000

Decided: June 1, 2000

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1 By Information filed in the District Court for the Eighth Judicial District in Cascade County, the Defendant, Robin Beavers, was charged with, among other offenses, four counts of Felony Theft. Beavers pled guilty to each count of Felony Theft. The District Court ordered Beavers to pay restitution. Beavers appeals the District Court's order of restitution. We vacate the restitution order and remand.

¶2 The following issue is presented for review:

¶3 Did the District Court abuse its discretion when it ordered Beavers to pay restitution?

FACTUAL BACKGROUND

¶4 During the course of a drug investigation, Robin Beavers admitted accepting property that she knew was stolen in exchange for illegal drugs. On March 9, 1999, the State filed an Information charging Beavers with, among other things, possession of stolen property in violation of § 45-6-301(c)(3), MCA.

¶5 Subsequently, Beavers reached a plea agreement with the State. The plea agreement did not provide for restitution. Nevertheless, at Beavers' sentencing hearing, on October 1, 1999, over the objection of both Beavers and the State, the District Court ordered Beavers to pay restitution. The District Court said:

> Well, this is what I find. [Beavers] admitted to having property that she knew was stolen, that she took in exchange for drugs. I have evidence offered in the presentence investigation report and the victim impact statements that the people who were out of the property filed claims with the insurance companies.
>
> Their insurance companies have paid and they have been out the property, certainly for well over a year. The State does not make a great effort to return property that they have as evidence in a case. And I don't even know if all of the property will get back to these folks. So to the extent I have verification of loss I'm going to impose restitution.

On December 10, 1999, the District Court amended its judgment and sentencing order, and provided the following reasoning:

> Both Mr. Jensen, [Beavers' attorney], and the attorney for the State argued against any restitution requirement, claiming that Ms. Beavers was only charged with possession of property which will eventually be returned to the victims. That property, however, has not been in the victims' possession for the past year while this case has been pending. Their insurance companies have paid on that property and they have had to absorb the cost of any deductible. Clearly, the victims of the burglarized property and their insurers are victims of Ms. Beavers' ongoing criminal behavior of taking stolen property, and thus encouraging the thefts, in exchange for drugs. For that reason, it appears critical that I impose an appropriate restitution amount. I have no information that the State has proceeded against any of the people from whom she obtained the property and who presumably actually burglarized their homes. Unless Ms. Beavers is held accountable, it is very possible that the victims will never be made whole.

## STANDARD OF REVIEW

¶6 We review the imposition of a sentence for legality only. *State v. Rennick*, 1999 MT 155, ¶ 7, 56 St. Rep. 611, ¶ 7. The standard of review on legality of a sentence is whether

the sentencing court abused its discretion. *Rennick*, ¶ 7.

## ISSUE

¶7 Did the District Court abuse its discretion when it ordered Beavers to pay restitution?

¶8 The sentencing judge may impose restitution if the sentencing judge finds that the victim of the offense has sustained a pecuniary loss. Section 46-18-201(5), MCA. Section 46-18-241(1), MCA, provides:

> As provided in 46-18-201, a sentencing court shall require an offender to make full restitution to any victim of the offense who has sustained *pecuniary loss* as *a result of the offense*, including a person suffering an economic loss as a result of the crime. The duty to pay full restitution under the sentence remains with the offender until full restitution is paid.
>
> (Emphasis added.) Pecuniary loss means:
>
> (a) all special damages, but not general damages, substantiated by evidence in the record, that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities, including without limitation the money equivalent of loss resulting from property taken, destroyed, broken, or otherwise harmed and out-of-pocket losses, such as medical expenses, loss of income, expenses reasonably incurred in obtaining ordinary and necessary services that the victim would have performed if not injured, expenses reasonably incurred in attending court proceedings related to the commission of the offense, and reasonable expenses related to funeral and burial or crematory services; and
>
> (b) reasonable out-of-pocket expenses incurred by the victim in filing charges or in cooperating in the investigation and prosecution of the offense.

Section 46-18-243(1), MCA. In *State v. Blanchard* (1995), 270 Mont. 11, 16, 889 P.2d 1180, 1183, we stated:

> While this is a question of first impression in Montana, a number of other jurisdictions have addressed the issue and have held that an accused is liable for restitution for offenses to which the accused (1) has admitted, (2) has been found

guilty, or (3) has agreed to pay restitution.

(Citations omitted.)

¶9 Beavers' argument is twofold. First, she contends that she cannot be required to pay restitution for property she did not receive simply because restitution is not recoverable from those who stole it. With that contention we agree. In addition, Beavers argues, and the State concedes, that because Beavers was only in possession of stolen property and did not actually steal the property the pecuniary loss sustained by the victims was not a result of Beavers' offense. The District Court, however, found otherwise. At her sentencing hearing, the District Court reasoned that the victims suffered a pecuniary loss as a result Beavers' offense. The District Court said:

> Well, this is what I find. [Beavers] admitted to having property that she knew was stolen, that she took in exchange for drugs. I have evidence offered in the presentence investigation report and the victim impact statements that the people who were out of the property filed claims with the insurance companies.
>
> Their insurance companies have paid and they have been out the property, certainly for well over a year. The State does not make a great effort to return property that they have as evidence in a case. And I don't even know if all of the property will get back to these folks. So to the extent I have verification of loss I'm going to impose restitution.
>
> ¶10 Beavers is not responsible for restitution for offenses she did not commit. She has admitted and pled guilty to receiving stolen property, but she denies she received all the property that was stolen.

¶11 Since, however, she has admitted the offense of receipt of stolen property, Beavers satisfies our rule established in *Blanchard*, 270 Mont. at 16, 889 P.2d at 1183. Her admission and guilty plea are sufficient to satisfy the causal standard of § 46-18-241(1), MCA; that is, the victim suffered loss as a result of Beavers' offense. In *Dowdy v. Florida* (Fla. Dist. Ct. App. 1997), 700 So. 2d 409, that court held: "We find, however, that Dowdy's receiving the stolen property and pawning it, is sufficiently 'related' to the victim's loss to justify restitution." Accordingly, we conclude that the District Court did not abuse its discretion when it ordered Beavers to pay restitution. Beavers, however, is required to pay restitution for only that property which formed the basis of her offense.

She is not responsible for restitution for property that was stolen by others, but not received and possessed by her.

¶12 Where stolen property is recovered, as in this case, the amount of restitution owed is the difference between the value of the property taken and the salvage value of the property returned. *Bowman v. Florida* (Fla. Dist. Ct. App. 1997), 698 So. 2d 615, 616. The State has the burden of establishing those values. "A defendant may not be ordered to pay restitution in excess of the damages caused by his criminal conduct." *Bowman*, 698 So. 2d at 616. Accordingly, we remand this case to the District Court with instructions to calculate the amount of restitution owed, if any, consistent with the guidelines set forth in this opinion.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART