No. 02-183

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 123

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JACK WAYNE FLANAGAN,

Defendant and Appellant.

APPEAL FROM:     District Court of the Fourteenth Judicial District,
In and for the County of Musselshell County, Cause No. DC-00-13
The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Bohlman, Attorney at Law, Roundup, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

Catherine Truman, Musselshell County Attorney,
Roundup, Montana

Submitted on Briefs:  February 27, 2003

Decided:  April 29, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Jack Wayne Flanagan pled guilty to felony sexual assault. The Fourteenth Judicial District Court, Musselshell County, imposed a 10-year prison sentence, suspended on conditions. Flanagan appeals. We affirm in part, reverse in part and remand.

¶2 We address the following issues:

¶3 1. Did the District Court err in making findings based on a presentence investigation report not offered or admitted as an exhibit?

¶4 2. Did the District Court err by giving inadequate reasons for imposing the 10-year suspended sentence?

¶5 3. Did the District Court err in imposing probation conditions with no nexus to the offense committed?

¶6 4. Did the District Court err in imposing restitution as a condition of Flanagan's suspended sentence?

¶7 5. Does the presentence investigation report provide an adequate basis for the determination of--and did the District Court err in imposing restitution without specifying-- the timing of Flanagan's restitution payments?

¶8 6. Did the District Court err in ordering that all of Flanagan's assets in the marital estate and probate estate after his death be used to pay restitution?

2

BACKGROUND

¶9     In 2001, Flanagan pled guilty to sexually assaulting a 15-year-old girl in his home in 1998. The District Court accepted his plea and ordered a presentence investigation. Sally McRae, the probation and parole officer who performed the presentence investigation and prepared the associated report, testified at the sentencing hearing in January of 2002. She did not recommend sending Flanagan, a 75-year-old married man, to prison because he appears amenable to outpatient treatment. Instead, McRae recommended a suspended sentence of at least five years, sex offender treatment, and restitution to the victim of $4,945.31 for medical and counseling costs not covered by insurance. Flanagan also testified.

¶10     Much of the testimony at the sentencing hearing related to Flanagan's ability to pay restitution as reflected in the income and expense figures in the presentence investigation report. Flanagan testified his monthly income was $624 in social security benefits and listed monthly expenses of $150 for supplemental health insurance, $200 for prescription drugs, and $210 for sex offender treatment. In describing his assets, Flanagan testified he and his wife each had paid half of the $47,000 down payment on their home and she had made all of the subsequent mortgage payments from her wages. The couple owned three vehicles with a total value of $6,000, and otherwise kept their finances separate.

¶11     Reports on a psychological evaluation of Flanagan by Dr. Donna Veraldi and a psychosexual evaluation of him by Marla North, a sex offender therapist, also were before the court for sentencing purposes. North deemed Flanagan amenable for specialized

3

outpatient sex offender treatment and recommended that he enter and complete such treatment for a minimum of two years. She also recommended that he be prohibited from consuming alcohol or illegal drugs or misusing prescription drugs; restricted from pornography in any form, from time alone with minors and from any contact with the victim and her family unless pre-approved by the victim's therapist and his treatment team; and financially responsible for any counseling or treatment costs needed by the victim regarding this incident.

¶12    The District Court sentenced Flanagan to 10 years in prison, suspended on numerous conditions including sex offender treatment. It also ordered Flanagan to pay $4,945.31 to the victim for treatment costs not covered by insurance and "all future costs for the next two years only which may be incurred if related to this offense."

DISCUSSION

¶13    1. Did the District Court err in making findings based on a presentence investigation report not offered or admitted as an exhibit?

¶14    Flanagan contends no factual finding may be made based on a presentence investigation report not offered as an exhibit or made part of the record at the sentencing hearing. He cites no authority for this contention as required by Rule 23(a)(4), M.R.App.P., and, as a result, it is not necessary that we address it. *See State v. Olson*, 2002 MT 211, ¶ 18, 311 Mont. 270, ¶ 18, 55 P.3d 935, ¶ 18. In any event, Flanagan's contention is without merit.

4

¶15    Section 46-18-113, MCA, mandates that the presentence investigation be part of the court record. In this case, the written presentence investigation report was filed in the District Court record as required by statute.

¶16    Because the presentence investigation report was already part of the District Court record in Flanagan's case, it was not required to be separately offered or admitted into evidence at the sentencing hearing. We hold the District Court did not err in making findings based on the presentence investigation report.

¶17    2. Did the District Court err by giving inadequate reasons for imposing the 10-year suspended sentence?

¶18    Sexual assault by a person 3 or more years older than a victim under the age of 16 is punishable by life imprisonment or imprisonment for not less than 2, or more than 100, years. Section 45-5-502(3), MCA. The mandatory minimum sentence does not apply if the sentencing court determines treatment of the offender in the local community affords a better opportunity for rehabilitation and the ultimate protection of the victim and society. Section 46-18-222(6), MCA.

¶19    Pursuant to § 46-18-102(3)(b), MCA, a sentencing court must clearly state the reasons for the sentence it imposes. Flanagan contends in a conclusory fashion that the District Court did not give adequate reasons for imposing a 10-year suspended sentence instead of a shorter sentence which would still allow him time to complete sex offender treatment. We disagree.

¶20   The District Court stated it suspended Flanagan's entire 10-year sentence because it agreed with North's evaluation and found mitigating circumstances in that Flanagan was 75 years old, had significant health problems and was amenable to community treatment. The court further stated that requiring Flanagan to be under supervision for 10 years could effectively extend for the remainder of his natural life.

¶21   We do not insist on extensive statements of sentencing reasons under § 46-18-102(3)(b), MCA. *State v. Goulet* (1996), 277 Mont. 308, 310, 921 P.2d 1245, 1246. On this record, we hold the District Court's stated reasons for Flanagan's 10-year suspended sentence satisfy the statutory requirements.

¶22   3. Did the District Court err in imposing probation conditions with no nexus to the offense committed?

¶23   Sections 46-18-201 and -202, MCA, allow a district court to impose sentencing restrictions or conditions that are "reasonable" and that the court considers necessary "to obtain the objectives of rehabilitation and the protection of the victim and society." District courts are afforded broad discretion in sentencing criminal defendants and we will not overturn a court's sentencing decision absent an abuse of discretion. *State v. Christianson*, 1999 MT 156, ¶ 31, 295 Mont. 100, ¶ 31, 983 P.2d 909, ¶ 31 (citation omitted).

¶24   Flanagan contends three conditions of his probation, relating to alcohol or drugs, have no nexus to his offense of felony sexual assault and the environment in which it was committed. The three conditions to which he objects are that he submit to alcohol and drug testing at his probation officer's request; obtain a chemical dependency evaluation and, if

6

recommended, chemical dependency treatment; and not frequent places where liquor or beer is the chief item of sale or possess alcohol or dangerous drugs. Flanagan relies primarily on *State v. Ommundson*, 1999 MT 16, 293 Mont. 133, 974 P.2d 620, in arguing the District Court erred in imposing these conditions.

¶25    In *Ommundson*, the defendant pled guilty to driving under the influence of alcohol (DUI). The district court suspended his prison sentence on conditions, including that he participate in a sex offender treatment program. *Ommundson*, ¶ 1. In imposing that restriction, the district court considered a presentence investigation report that documented Ommundson's criminal history, including more than ten convictions for indecent exposure. *Ommundson*, ¶ 3. On appeal , we noted the absence of evidence that indecent exposure leads to increased occurrences of DUI or that treatment for indecent exposure will reduce the reoccurrence of alcohol abuse or lessen the incidence of DUI in society at large. We concluded no nexus had been established between the requirement that the defendant participate in a sex offender program and the charged DUI offense. *Ommundson*, ¶ 12.

¶26    The factual situation in this case is readily distinguishable from that in *Ommundson*. Early on, Flanagan himself connected the charge against him to his alcohol consumption by requesting a mental evaluation on the grounds that he has been a long-time consumer of alcoholic beverages to the extent that he has wine for breakfast, and that he needed to determine whether he was capable of acting knowingly due to the ingestion of alcohol. The presentence investigation report notes Flanagan admitted that, except for intermittent periods of abstinence, he usually consumes up to six drinks per day.

7

¶27    At Flanagan's request prior to entry of his guilty plea, the District Court appointed Veraldi, a clinical psychologist, to report on Flanagan's mental condition, including whether he was incapable of acting knowingly due to ingestion of alcohol or drugs.  Veraldi's report confirms that Flanagan lacks judgment to monitor and regulate his behavior and has difficulty controlling his impulses.  At Flanagan's further request, he also was examined by North, a sex offender therapist.  North's psychosexual evaluation recommends that Flanagan be prohibited from consuming alcohol and entering establishments where alcohol is the primary item for sale.

¶28    We conclude a sufficient rational connection exists between Flanagan's offense and his chronic alcohol consumption to justify the three alcohol-related conditions imposed on him.  Therefore, we hold the District Court did not abuse its discretion in imposing the alcohol-related conditions of probation.

¶29    4.  Did the District Court err in imposing restitution as a condition of Flanagan's suspended sentence?

¶30    Flanagan correctly points out that in *State v. Horton*, 2001 MT 100, ¶ 28, n.3, 305 Mont. 242, ¶ 28, n.3, 25 P.3d 886, ¶ 28, n.3, we stated, "under the version of [§ 46-18-201, MCA] effective October 1, 1999, a district court can only require restitution in cases involving deferred imposition of sentence and not in cases involving suspended execution of sentence."  Flanagan claims the statute under which he was sentenced is identical to the statute addressed in *Horton* and, therefore, restitution cannot be imposed as a condition of his suspended sentence.  He is incorrect.

¶31 A district court is required to sentence a criminal defendant under the law in effect when the defendant committed the crime. *State v. Brister*, 2002 MT 13, ¶ 26, 308 Mont. 154, ¶ 26, 41 P.3d 314, ¶ 26 (citation omitted). Flanagan committed felony sexual assault in July of 1998. As a result, § 46-18-201, MCA (1997)--rather than the 1999 version of the statute addressed in *Horton*--applies to Flanagan's sentence.

¶32 Under § 46-18-201(1)(b) and (2), MCA (1997), a sentencing court may suspend execution of sentence and, "[i]n addition, . . . if the court finds that the victim of the offense has sustained a pecuniary loss, the court shall require payment of full restitution[.]" Thus, the statute in effect at the time of Flanagan's offense expressly authorized the District Court to order Flanagan to pay restitution to the victim of his sexual assault as a condition of his suspended sentence.

¶33 We hold, therefore, that the District Court did not err in imposing restitution as a condition of Flanagan's suspended sentence.

¶34 5. Does the presentence investigation report provide an adequate basis for the determination of--and did the District Court err in imposing restitution without specifying--the timing of Flanagan's restitution payments?

¶35 Several Montana statutes govern restitution. Section 46-18-241, MCA, provides that a sentencing court must require an offender to make full restitution to any victim of the offense who has sustained pecuniary loss. Section 46-18-242, MCA (1997), provides that, if the court believes the victim has sustained pecuniary loss, the court shall order that the presentence investigation report include documentation of both the offender's financial resources and future ability to pay restitution and the victim's pecuniary loss. Section 46-18-

9

244, MCA (1997), provides that the court shall specify the amount, method and time of each payment to the victim and may permit payment in installments.

¶36 Here, the District Court ordered that Flanagan "shall be responsible for all offense related medical and counseling costs, after payment by the victim's family insurance, incurred by the victim amounting to $4,945.31 and for all future costs for the next two years . . . [and] payments are to be made to the Clerk of Court, Musselshell County." Flanagan challenges this restitution provision on several grounds, which we address in turn.

¶37 First, Flanagan contends the presentence investigation report prepared in this case does not include the documentary evidence regarding restitution required by § 46-18-242, MCA (1997), and *State v. Pritchett*, 2000 MT 261, 302 Mont. 1, 11 P.3d 539. He is partially correct.

¶38 In *Pritchett*, the presentence investigation report contained only conclusory statements about amounts of pecuniary loss and no documentation regarding the defendant's future ability to pay restitution, but the trial court held an evidentiary hearing. The defendant appealed the sentencing order requiring him to pay restitution. We determined that, notwithstanding the court's receipt of evidence at the hearing on all items addressed in § 46-18-242, MCA (1997), the lack of documentation of those amounts in the presentence investigation report rendered the judgment illegal under § 46-18-242(1)(a), MCA (1997), absent a plea agreement allowing the district court to determine the amount of restitution. *Pritchett,* ¶¶ 11-13 (citations omitted).

¶39     In the present case, Flanagan is correct that no separate documents pertaining to his financial situation and the victim's loss are attached to the presentence investigation report. However, § 46-18-242, MCA (1997), requires "documentation" of the resources and loss. It does not require separate documents. The presentence investigation report documents Flanagan's income of $629 per month from social security, his assets of $6,000 and debt-free status, and the victim's treatment costs not covered by insurance of $4,945.31 for counseling, medications and a hospital stay. We conclude the documentation contained in the presentence investigation report is sufficient with regard to his income and assets and the victim's existing pecuniary loss.

¶40     Flanagan correctly points out, however, that the presentence investigation report neither documents his monthly expenses nor addresses his future ability to pay restitution. Documentation of a defendant's future ability to pay restitution, which necessarily includes information regarding monthly expenses, must be included in the presentence investigation report. *See* § 46-18-242(1)(a), MCA (1997).

¶41     Flanagan next points out that the District Court did not meet the § 46-18-244, MCA (1997), requirement that "[t]he court shall specify the amount, method, and time of each payment to the victim and may permit payment in installments." The State of Montana claims Flanagan is raising this issue for the first time on appeal. In that regard, the District Court hearing transcript reveals that Flanagan objected on grounds that the presentence investigation report must document his "ability to pay and future ability to pay."

11

¶42    The presentence investigation report lists Flanagan's monthly income as $629.  He testified that his monthly expenses were $150 per month for Medicaid supplemental insurance, $200 for medication and $210 for sex offender treatment.  Where Flanagan's disposable income in excess of obligations appears to be less than $70 per month--and assuming his expenses were documented in the presentence investigation report as required by § 46-18-242(1)(a), MCA (1997)--we conclude that his ability to pay and the time of payments are inextricably intertwined.  Consequently, we will address his argument.

¶43    The State asserts that as long as the total amount of restitution has been determined, the court may delegate to the probation officer the task of developing a restitution payment schedule which takes into account a defendant's changing financial situation.  The State is incorrect.

¶44    In *Pritchett*, ¶ 16, we determined that, by leaving the determination of the amount, method, and time of payment to the discretion of the probation officer, the district court failed to comply with the sentencing requirements in § 46-18-244, MCA (1997).  Section 46-18-244(1), MCA (1997), provides that "[t]he court shall specify the amount, method, and time of each payment to the victim and may permit payment in installments."  Here, while the District Court provided for the method of payment by directing that payments be made to the Clerk of the District Court, it made no provision for the time of restitution payment or whether payments could be made in installments.

¶45    The State also suggests that nothing in § 46-18-244, MCA (1997), prohibits the sentencing court from delegating to the probation officer the task of developing a restitution

12

payment schedule. This suggestion appears to ask that we simply ignore *Pritchett*. We will not do so, and the State does so at its peril.

¶46 We conclude that the District Court's restitution provision is illegal per *Pritchett*, ¶ 16, because the presentence investigation report neither documents Flanagan's monthly expenses nor addresses his future ability to pay restitution, and the District Court failed to address ability to pay. In addition, the District Court made no provision for the time of restitution payments. Consequently, we remand for addition to the presentence investigation report of documentation of Flanagan's monthly expenses and future ability to pay restitution, and to allow the District Court to hold a hearing and enter a sentence and judgment addressing Flanagan's ability to pay and the time of Flanagan's restitution payments.

¶47 6. Did the District Court err in ordering that all of Flanagan's assets in the marital estate and probate estate after his death be used to pay restitution?

¶48 The District Court ordered, as a condition of Flanagan's suspended sentence, that "[a]ny of the Defendant's assets of the marital estate and probate estate after death shall be used to pay for restitution expenses." Flanagan asserts error, contending the District Court did not give him notice and opportunity to be heard regarding the forfeiture and sale of his assets as required pursuant to § 46-18-244(3)(a), MCA (1997).

¶49 Although Flanagan did not object on this basis in the District Court, we will review a sentence for illegality even if no objection is made at the time of sentencing. *See Brister*, ¶ 16, (citation omitted).

13

¶50 The District Court's order is, at best, unclear both procedurally and legally with regard to its marital and probate estate condition. If the court is proceeding under § 46-18-244(3)(a), MCA (1997), it is undisputed that Flanagan did not receive the required notice and opportunity to be heard and, indeed, no forfeiture and sale were ordered. With regard to the portion of the sentencing order which requires that any of Flanagan's assets of the marital estate be used for restitution, the District Court did not evaluate what assets are necessary for Flanagan to sustain a living; nor did it evaluate whether a joint tenancy in a family home could be lawfully severed in order to satisfy a restitution order. Moreover, in an ordinary probate proceeding, a creditor of the estate may submit a claim pursuant to § 72-3-804, MCA. We are aware of no authority for a claim for restitution to take precedence over the claims of other creditors of an estate.

¶51 On remand, the District Court is directed to reconsider and clarify this condition in conjunction with our remand on issue five.

¶52 Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ JIM RICE

14

Justice Terry N. Trieweiler concurring and dissenting.

¶53   I concur with the majority's conclusions that the District Court did not err when it imposed alcohol-related conditions to probation and that under the law in effect at the time of the Defendant's offense, restitution could be required as a condition to a suspended sentence. I also concur that the District Court proceeded to sentence Flanagan with inadequate documentation in the presentence investigation about his ability to pay restitution and that, if restitution was appropriate in the first place, the District Court erred by not specifying the method of payment and the time over which payment was required.

¶54   I dissent from the majority's conclusion that a presentence investigation alone can be considered substantive evidence for the purpose of resolving a disputed factual issue unless the parties have stipulated to the court's consideration of the report or there has been testimonial foundation for the admission of the report as evidence. While § 46-18-113, MCA, may require that a presentence investigation be part of the court record, that does not mean that it can be considered by the District Court over objection by the Defendant in violation of his right to due process. Without adequate foundation, a presentence investigation is nothing more than objectionable hearsay. It is a document generated out of court offered to prove the truth of the assertions contained therein without the benefit of cross-examination by the party affected. However, in this case, there were very few factual findings made by the District Court and none which have been pointed out by the Defendant which were based on the presentence investigation and were actually prejudicial to the Defendant. The problem with the presentence investigation is not so much that it included prejudicial information relied on by the District Court, but that it had inadequate information

15

by which the District Court could make a determination about whether the Defendant was capable of paying restitution.

¶55 I also dissent from the majority's conclusion that the District Court complied with § 46-18-102(3)(b), MCA (1997), which requires that "[w]hen the sentence is pronounced, the judge shall clearly state for the record the reasons for imposing the sentence." Flanagan contends that the court gave no reason for sentencing a 75-year-old man to a ten year suspended sentence as opposed to a shorter sentence. He is correct. The majority answers Flanagan's contention by pointing out that the court did explain why it suspended Flanagan's entire ten year sentence. However, the majority Opinion gives no example of where the District Court ever explained why it imposed such a lengthy sentence in the first place. To say that "we do not insist on extensive statements of sentencing reasons under § 46-18-102(3)(b), MCA" is not an adequate explanation for the District Court's failure to offer any explanation for the length of Flanagan's sentence. Therefore, I would remand to the District Court for explanation of why a ten year sentence is necessary.

¶56 Finally, I dissent from the majority's solution to the District Court's failure to require evidence of Flanagan's ability to pay restitution. The fact is that all the evidence available was apparently presented and the end result is that Flanagan has no money with which to pay restitution. His income is limited to $624 a month of social security benefits. After paying for necessary medications, sex offender treatment and medicaid supplemental insurance, he has $64 per month with which to pay for all of his other expenses. Obviously, many of his living expenses are being provided by his spouse and he has no net income with which to pay restitution. There is no reason to remand this case. The District Court plainly erred by

16

ordering restitution.

¶57    I would also conclude that the District Court erred when it ordered that the restitution obligation could be satisfied from Flanagan's share of the marital estate. He and his wife have three vehicles worth a total amount of $6000. He obviously needs one vehicle for transportation. It is not clear who owns the other two vehicles but it is fair to say that his wife has an interest in at least one of them. The only other marital asset is the home in which Flanagan's wife has the primary ownership interest. Whatever interest he has in the home cannot be used to satisfy a restitution obligation without compromising his spouse's interest. Section 46-18-244(3)(a), MCA, prohibits sale of an offender's assets which are reasonably necessary for the offender to sustain a living or support his dependants. What could be more necessary to sustain a person's living than his or her home?

¶58    Restitution is a good idea so long as the person convicted of a crime has some remote possibility of making restitution without endangering those dependent on him or having to commit more crimes in order to make the payments. Our prior cases such as *Pritchett* have made clear that it is not an alternative available in every case. This case is a clear example of where a suspended sentence conditioned on restitution which the Defendant is incapable of paying is not in anyone's best interest.

¶59    For these reasons, I concur in part and dissent in part from the majority Opinion.

/S/ TERRY N. TRIEWEILER

17