No. 03-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 335N

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

VEDA ROSE HASTIE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC 2001-316,
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Meghan Lulf, Deputy Public Defender; Eric Olson, Chief Public
Defender, Great Falls, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General; Helena, Montana

            Brant Light, County Attorney; John Parker and Marvin Anderson,
Deputy County Attorneys, Great Falls, Montana

Submitted on Briefs:  August 28, 2003

Decided:  December 4, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Veda Rose Hastie (Hastie) appeals the District Court's imposition of a restitution amount of $108.80. We affirm.

¶3 The sole issue presented on appeal is whether the District Court erred when it ordered restitution in the amount of $108.80?

### Factual and Procedural Background

¶4 On or about August 4, 2001, Hastie unlawfully entered the residence of Robert Bateman (Bateman) and removed several items, including a television, gas grill, VHS movies, encyclopedia set, end table, coffee table and alarm clock. Bateman had recently purchased a mobile home, including all the items in it. When Bateman realized items were missing, he contacted the police. Bateman provided a general description of the missing items but nothing more specific because he had only recently purchased them. A police investigation led to Hastie. Hastie led police to the missing items (some in addition to those noted as taken). The items were photographed and returned to Bateman.

¶5 Hastie pled guilty to burglary in district court. The court ordered a pre-sentence investigation (PSI). This report included a restitution section that provided Hastie's financial

2

profile, describing her monthly income and assets. The amount of restitution was also recommended as $608.80: $500.00 to replace the encyclopedia set, $75.00 to replace the coffee table's drawers, and $33.80 to replace glass for the coffee table. These amounts were based on a "Report of Victim's Pecuniary Loss" that Bateman provided and was included in the pre-sentence investigation. Bateman listed Barnes and Noble as the store which provided a replacement cost of $500.00 for the encyclopedia set (all but one book). Hastie countered this with an affidavit from the local Barnes and Noble which stated that it did not carry encyclopedias in book form.

¶6    The District Court ordered $108.80 in restitution. The value of the encyclopedia was not included in the restitution because the court stated the information regarding the encyclopedia value was insufficient to determine the value of a set of encyclopedias. Hastie did not present any evidence challenging the remaining values placed on the damage to the coffee table but does argue that the PSI and victim's report are insufficient to establish value; that since Hastie did not appear and testify or provide store receipts, there was no proof of value. Hastie appeals the District Court's order for restitution.

Discussion

¶7    Did the District Court err when it ordered restitution in the amount of $108.80?

¶8    This Court reviews the imposition of a sentence for legality only. *State v. Beavers*, 2000 MT 145, ¶ 6, 300 Mont. 49, ¶ 6, 3 P.3d 614, ¶ 6 (citation omitted). We review the legality of a sentence to determine whether the sentencing court abused its discretion. *Beavers*, ¶ 6 (citation omitted). "Specifically, we review whether the sentence imposed was

within the parameters provided by statute." *State v. Dunkerson,* 2003 MT 234, ¶ 14, 317 Mont. 228, ¶ 14, 76 P.3d 1085, ¶ 14. "Determination of the appropriate measure of restitution is a question of law. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct." *State v. Pritchett,* 2000 MT 261, ¶ 18, 302 Mont. 1, ¶ 18, 11 P.3d 539, ¶ 18 (citation omitted). "We review a district court's findings of fact to determine whether the findings are clearly erroneous." *Dunkerson*, ¶ 14.

¶9     The sentencing judge may impose restitution, pursuant to § 46-18-201(5), MCA, if he or she finds that the victim of the offense has sustained a pecuniary loss. *Beavers*, ¶ 8. If a defendant admits an offense and pleads guilty, this sufficiently establishes a causal connection that the victim suffered loss as a result of the defendant's offense. *Beavers*, ¶ 11. "A defendant is liable for restitution for offenses to which the defendant has admitted, as a defendant is required to make full restitution for pecuniary losses arising out of the facts or events constituting the offender's criminal activities." *State v. Benoit*, 2002 MT 166, ¶ 27, 310 Mont. 449, ¶ 27, 51 P.3d 495, ¶ 27 (citations and internal quotations omitted). The State has the burden of establishing the restitution value. *Beaver*, ¶ 12 (citation omitted). "A defendant may not be ordered to pay restitution in excess of the damages caused by his criminal conduct." *Beaver*, ¶ 12 (citation omitted). "Where stolen property is recovered . . . the amount of restitution owed is the difference between the value of the property taken and the salvage value of the property returned." *Beaver*, ¶ 12 (citation omitted). "[V]aluation testimony for which the owner or another witness may establish a market value at the time

4

of loss can be based on hearsay evidence" in order to determine restitution. *Dunkerson*, ¶ 29.

¶10      "A sentencing court is required to impose a sentence that includes payment of full restitution whenever the sentencing judge finds that a victim of an offense has sustained a pecuniary loss." *Benoit*, ¶ 23 (citing § 46-18-201(5), MCA (1997)). Section 46-18-242(1), MCA, requires the sentencing court to order a pre-sentence investigation and report that includes "(a) a list of the offender's assets; and (b) an affidavit that specifically describes the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the victim." If a PSI report does not contain documentation of "a victim's pecuniary loss, the offender's financial resources and future ability to pay[,]" the district court's sentencing of restitution is illegal. *Benoit*, ¶ 25 (citation omitted).

¶11      In this case, Hastie claims that the restitution ordered by the District Court was erroneous because Bateman did not appear and testify that it was Hastie's crime that caused damage to the coffee table and the documentation was inadequate to prove the actual amount of the damage.

¶12      Hastie pled guilty to burglary and was therefore liable for restitution stemming from her criminal activities. *Benoit*, ¶ 27. After she pled guilty, the District Court ordered a PSI that included a restitution section describing Hastie's monthly income and assets. The PSI also recommended restitution of $500.00 for the encyclopedia set and $108.80 for the coffee table drawers and glass. These amounts were based on Bateman's pecuniary loss report, included in the PSI.

¶13    The District Court found insufficient evidence as to the value of the encyclopedia set. However, the court determined that the value of the coffee table (glass and drawers) was sufficiently established and ordered restitution based on Bateman's report. Other than intimating that someone else may have caused the damage, Hastie provided no evidence disputing the value of or damage to the coffee table. We conclude that the District Court did not abuse its discretion in relying on the PSI and victim's report of loss in determining the proper value of restitution.

¶14    Normally, "[a] district court is required to sentence a criminal defendant under the law in effect when the defendant committed the crime." *State v. Flanagan*, 2003 MT 123, ¶ 31, 316 Mont. 1, ¶ 31, 68 P.3d 796, ¶ 31. Section 46-18-242, MCA, was amended in 2003 to require "(a) a list of the offender's assets; and (b) an affidavit that specifically describes the victim's pecuniary loss and the replacement value in dollars of the loss, submitted by the victim." In arguing lack of documentation, Hastie relies on cases which apply the older version of § 46-18-242, MCA, which required "documentation of the offender's financial resources and future ability to pay restitution; and (b) documentation of the victim's pecuniary loss . . . ." Section 46-18-242, MCA (2001). However, the present version of the statute controls because it applies retroactively to defendants who, like Hastie, have unpaid restitution. 2003 Mont. Laws Ch. 272, Sec. 10.

¶15    Bateman submitted the requisite affidavit of pecuniary loss, and it was included in the PSI. After considering the PSI, the affidavit and the evidence Hastie offered that Barnes and

6

Noble does not sell encyclopedia sets, the court excluded the encyclopedia from its restitution calculation.

¶16    In *State v. Flanagan* we held that, although no separate documents concerning victim's loss were attached to the PSI, sufficient "documentation" was presented within the PSI itself establishing the victim's loss and the offender's income. *Flanagan*, ¶ 39. In the present case, the PSI goes beyond the internal documentation approved in Flanagan since it incorporates Bateman's separate report of victim's loss.

¶17    We hold that the statutory requirements for restitution were satisfied. Section 46-18-242, MCA. The sentence imposed was legal. *Beavers*, ¶ 6. The court did not incorrectly interpret or apply the law. *Pritchett*, ¶ 18. No abuse of discretion occurred. *Beavers*, ¶ 6. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ JIM RICE

Chief Justice Karla M. Gray, dissenting.

¶18    I respectfully dissent from the Court's opinion. I would reverse the District Court's imposition of restitution in the amount of $108.80.

¶19    I do not disagree with the Court's statements of the standard by which we review a district court's restitution order. Nor do I disagree that, pursuant to *Beavers*, a defendant's guilty plea is sufficient to establish a causal connection that the victim suffered loss as a result of the defendant's offense. Here, Hastie pled guilty to burglary. In my view, while the plea is sufficient to establish that Bateman suffered "loss," it is not sufficient to establish that the offense resulted in damage to the particular table for which the District Court ordered restitution.

¶20    Furthermore, while I fully support the Court's statements from *Beavers* and *Dunkerson* that the State must establish the restitution value and that, where stolen property is recovered the amount of restitution required is the difference between the value of the property at the time it was taken and the salvage value of the property returned, nothing in the Court's opinion actually applies these standards. Bateman related to the preparer of the presentence investigation report that his pecuniary loss relating to the table totaled $108.80. No basis for that valuation was provided to the preparer and Bateman did not testify at the sentencing hearing. I do not believe the State, even as a general matter, adequately established the restitution value.

¶21    Moreover, and importantly, the purported dollar values for replacing the drawers and glass for the coffee table bear no relationship at all to the requirement that recovered stolen

8

property is valued for restitution purposes at the difference between the value at the time of the offense and its salvage value upon recovery. For all we know, the coffee table had a value of $75.00 at the time of Hastie's burglary. Even assuming that Hastie is responsible for the pecuniary loss relating to the table, the restitution value imposed--based apparently on some (unsubstantiated) repair bills--in this case would result in more than the value of the table. If the table were worth $50.00 after its recovery, the restitution amount properly would be $25.00. Without basic evidence relating to the table's value at the time of burglary and upon recovery, the restitution amount could not be determined and, again, the State failed to meet its burden.

¶22 I would hold that the District Court erred in determining that the State met its burden and in concluding that restitution was to be based on unsubstantiated repair costs for--rather than the before-and-after value of--the coffee table. I dissent from the Court's refusal to apply the very standards it sets forth.

/S/ KARLA M. GRAY

9