No. 05-460

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 261N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

JEREMY C. "SHORTY" LARSEN,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 04-022,
Honorable David G. Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Randy H. Randolph, Attorney at Law, Havre, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Micheal S.
Wellenstein, Assistant Attorney General, Helena, Montana

            Cyndee L. Peterson, County Attorney, Havre, Montana

Submitted on Briefs:  June 14, 2006

Decided:   October 10, 2006

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Jeremy C. "Shorty" Larsen (Larsen) appeals from the judgment and sentence entered by the Twelfth Judicial District Court, Hill County, and the court's subsequent denial of his objection to sentence.

¶3 On January 5, 2005, this matter proceeded to jury trial and Larsen was convicted of Count III, tampering with physical evidence, a felony, and Count IV, assault, a misdemeanor. On February 14, 2005, Larsen was sentenced for his convictions. He was sentenced to the Montana State Prison for five years for Count III, plus an additional five years pursuant to his designation as a persistent felony offender. After the court orally pronounced Larsen's sentence, Larsen objected, and the court allowed Larsen to file a formal objection, with brief, to address the issue. Larsen did so, but the District Court denied the motion. Larsen appeals from the District Court's denial.

¶4 Relying on *State v. Fitzpatrick*, 247 Mont. 206, 805 P.2d 584 (1991), Larsen argues that his sentence for the underlying felony, tampering with physical evidence, should be removed, leaving only the persistent felony offender sentence. He contends

2

that a sentence for being a persistent felony offender under § 46-18-502, MCA, replaces the sentence for the underlying offense, and cannot be imposed in addition to the sentence for the underlying offense. As the District Court noted in denying Larsen's objection, the sentence imposed upon Larsen fell well within the statutory parameters for a persistent felony offender, for which the maximum sentence was 100 years. Larsen also argues that sentencing him for the underlying offense and for a persistent felony offender designation constitutes a violation of Larsen's constitutional right against double jeopardy and the right to equal protection of the laws.

¶5    "District Courts are afforded broad discretion in criminal sentencing." *State v. Herd*, 2004 MT 85, ¶ 18, 320 Mont. 490, ¶ 18, 87 P.3d 1017, ¶ 18 (citing *State v. Flanagan,* 2003 MT 123, ¶ 23, 316 Mont. 1, ¶ 23, 68 P.3d 796, ¶ 23). This Court will review a sentence for legality only where the offender is eligible to seek sentence review—in other words, if the offender is sentenced to one year or more of actual incarceration. *Herd*, ¶ 22.

¶6    We have previously resolved the statutory interpretation issue Larsen raises herein and clarified our holding in *Fitzpatrick*. "In *Fitzpatrick,* we held only that a persistent felony offender's sentence must fall within the parameters mandated by § 46-18-502, MCA, and cannot exceed 100 years, the maximum penalty prescribed by law." *State v. Gunderson,* 282 Mont. 183, 188, 936 P.2d 804, 806 (1997) (citing § 46-18-502(1), MCA), *overruled on other grounds*, *State v. Montoya*, 1999 MT 180, 295 Mont. 288, 983 P.2d 937. As noted, Larsen's sentence fell within statutory parameters. Further, Larsen's

constitutional claims are not sufficiently supported by citation to and analysis of legal authority.  M. R. App. P. 23(a)(4).

¶7     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶8     We affirm the judgment of the District Court.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON