FILED

June 9 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0357

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 198N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PATRICK MICHAEL GAFFIELD,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC 07-17
Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

            Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General; Helena, Montana

Submitted on Briefs: April 1, 2009

Decided: June 9, 2009

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Patrick Michael Gaffield pled guilty to felony theft, and the District Court ordered him to pay restitution to the victims. Gaffield appeals the portion of the court's order requiring restitution for damage to a 1979 GMC Jimmy he stole from Bob Harris. The court ordered Gaffield to pay, as follows:

> Defendant shall pay Bob Harris $500 for damage to the 1979 GMC Jimmy; however, if it is determined by a repair facility who has inspected the vehicle that the least costly repairs necessary to make the transmission operable exceed $500, then Defendant shall be responsible for the additional monies expended to complete those repairs; except that he will not be required to pay [] more than $1,920, including the $500 listed above, as restitution for the Jimmy.

¶3 In its briefing, the State concedes the court erred by leaving open the amount of restitution above the initial $500. Therefore, we reverse the District Court's order to the extent that Gaffield could have been required to pay restitution greater than $500 and limit our review accordingly.

¶4 The sentencing court must require an offender make restitution to a victim who has suffered pecuniary loss because of the offender's criminal conduct; such loss may include the replacement cost of property taken or lost because of the offender's conduct.

2

Sections 46-18-243 & -241, MCA. Gaffield admitted to stealing the vehicle, and testimony at trial indicated the vehicle operated prior to its theft but was not operable when it was returned to Harris. This evidence tends to establish the causal connection between Gaffield's offense and Harris's loss. *State v. Beavers*, 2000 MT 145, ¶ 11, 300 Mont. 49, 3 P.3d 614, *overruled on other grounds State v. Herman*, 2008 MT 187, ¶ 12, 343 Mont. 494, 188 P.3d 978. Further, Gaffield admits the "junk value" of the vehicle was "roughly $300 to $500." Accordingly, we hold the court did not err in ordering Gaffield to pay Harris $500 in restitution for the damage to the vehicle.

¶5     We affirm in part and reverse in part the judgment of the District Court and remand for entry of an amended judgment in accordance with this opinion.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER