DA 11-0517

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 174N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LAURIE KAY CORBINO,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twenty-First Judicial District, In and For the County of Ravalli, Cause No. DC 10-105 Honorable Jeffrey H. Langton, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

            Wade Zolynski, Chief Appellate Defender; Kristen L. Larson, Assistant Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Katie F. Schulz, Assistant Attorney General, Helena, Montana

            William F. Fulbright, Ravalli County Attorney, Hamilton, Montana

                  Submitted on Briefs:  July 11, 2012
                              Decided:  August 10, 2012

Filed:

_____
                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Laurie Kay Corbino (Corbino) appeals a judgment and commitment entered by the Twenty-First Judicial District, Ravalli County. We affirm.

¶3    On February 16, 2011, Corbino entered into a plea agreement wherein she pled guilty to felony burglary. Corbino admitted to entering the Lendmans' residence and committing theft by taking cosmetic items that belonged to them. In the presentence investigation report, Mrs. Lendman submitted an affidavit of pecuniary loss wherein she listed as missing two large bags of personal items and a large gold ring with opal, emeralds and diamonds. Because the other items were recovered, the only restitution Mrs. Lendman requested was $1,500 for the ring. Corbino admitted to taking the personal items, but denied taking the ring.

¶4    At Corbino's sentencing hearing, Mrs. Lendman testified that the ring was missing and that law enforcement officers did not find the ring in two searches of Corbino's residence. Corbino testified and again denied taking any jewelry. The District Court concluded that Mrs. Lendman "offered the most credible testimony regarding the loss of the ring" and ordered restitution of $1,500 for the ring.

2

¶5 The District Court also determined that "with no current resources, [the Defendant does not have the] ability to pay for the type of programs that she needs if she were on probation, including the [Cognitive Principles and Restructuring] program." Defense counsel objected to Corbino's sentence on the grounds that she was being incarcerated based on her inability to pay. The court denied Corbino's objection because, even though Corbino had a counselor for her drug and alcohol addictions, Corbino's compulsive thievery was different than addiction. Corbino appeals.

¶6 Corbino argues on appeal that a defendant is required to pay restitution for only that property which formed the basis of her offense. *State v. Beavers*, 2000 MT 145, ¶ 11, 300 Mont. 49, 3 P.3d 614 (*overruled on other grounds*, *State v. Herman*, 2008 MT 187, n.1, 343 Mont. 494, 188 P.3d 978). Corbino argues further that she never admitted taking the ring, was never found guilty of taking the ring, and never agreed to pay restitution for the ring, therefore she is not liable for the value of the ring. *See State v. Breeding*, 2008 MT 162, ¶ 19, 343 Mont. 323, 184 P.3d 313. She also argues that her due process rights have been violated because her sentence is based on her indigence. *See State v. Pritchett*, 2000 MT 261, ¶ 28, 302 Mont. 1, 11 P.3d 539. The State disagrees with Corbino.

¶7 We review a sentence that is eligible for sentence review for legality only. *State v. Gunderson*, 2010 MT 166, ¶ 37, 357 Mont. 142, 237 P.3d 74. Our review for legality is confined to ascertaining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters of the applicable sentencing statutes, and whether the district court abided by the affirmative mandates of the applicable

3

sentencing statute. *Breeding*, ¶ 10. This determination is a question of law, and as such review is de novo. *Breeding*, ¶ 10. Review of constitutional questions is plenary. *Pritchett*, ¶ 27.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest from the face of the briefs and the record before us that the District Court properly applied the law to the facts of this case. The District Court's restitution condition is legal, and Corbino's sentence does not violate her constitutional due process rights.

¶9     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE