JUSTICE TRIEWEILER
concurring and dissenting.
¶40 I concur with the majority’s conclusion that the District Court had authority to impose restitution pursuant to § 46-18-201(5), MCA (1997), and 46-18-242, MCA (1997). I also concur that the amount of restitution imposed by the District Court was based on a calculation using reasonable methods and the best evidence available under the circumstances.
¶41 I dissent from the majority’s conclusion that the District Court did not violate Benoit’s right to due process when it extended the length of her deferred sentence from that which had been recommended by the State solely because of her inability to complete payment of restitution within a shorter period of time. The majority Opinion completely misses the point of our decisions in State v. Farrell (1984), 207 Mont. 483, 676 P.2d 168, and State v. Pritchett, 2000 MT 261, 302 Mont. 1, 11 P.3d 539. We did not conclude in those cases that defendants’ rights to due process had been violated because they received the maximum sentence. We held that their rights to due process had been violated because the length of their sentences had been extended because they did not have the financial ability to pay restitution in a shorter period of time. That is exactly what happened in this case and Benoit’s sentence violated her right to due process for the same reasons.
¶42 In State v. Farrell, the defendant was charged with and convicted of receiving public assistance based on false statements. He was sentenced to ten years in prison and that sentence was suspended on the condition that he make restitution. On appeal, this Court first pointed out that based on the colloquy between the trial judge and the defendant, it was apparent that the length of the defendant’s suspended sentence was based on the trial judge’s conclusion that defendant would not be able to pay the amount of restitution imposed in a shorter period of time. After reviewing various U.S. Supreme Court decisions relating to sentencing and due process, this Court *461 held:
In the instant case, we believe the appellant’s due process rights may have been violated.... Nevertheless, we think it arbitrary and unfair in this case to subject the appellant to the maximum sentence simply because of an apparently unsupported notion that he may not be able to make good on the recoupment and restitution within ten years.... The record indicates that indigency may have been the criterion for imposing the sentence in this particular case, and we therefore Anew the sentence in this instance as a possible infringement upon fundamental fairness.
Farrell, 207 Mont. at 498, 676 P.2d at 176-77.
¶43 The critical point in Farrell was not that the defendant had received the maximum sentence. The point and reason that his case was remanded for resentencing was that the length of his sentence was affected by his indigency and the resulting fact that he could not pay restitution in a shorter period of time. It is clear from this Court’s discussion in that case that had Farrell received a nine-year sentence rather than a ten-year sentence solely because he could not complete payment of restitution in a shorter period of time, the result would have been the same. There is no logical basis for linking the result, as the majority does, to the simple fact that in that case, Farrell received the maximum sentence permitted by law.
¶44 Sixteen years later, in State v. Pritchett, we reaffirmed that linking the length of a defendant’s sentence to his or her ability to pay restitution violates that defendant’s right to due process of law. In that case, Pritchett pled guilty to one count of burglary and was given a twenty-year suspended sentence on the condition that he pay restitution in the amount of $62,383.72. In that case, there was no colloquy between the court and the defendant which indicated that the defendant’s length of sentence was tied to his ability to pay restitution. However, the presentence investigation (PSI) report stated that:
To give the Defendant adequate time to pay off the restitution in this case the Officer recommends a twenty (20) year sentence to the Montana State Prison, Avith all of the time suspended.
Pritchett, ¶ 3.
¶45 On appeal it was not Pritchett’s contention that his sentence violated due process because he received the maximum allowable punishment for burglary. In the language of our Opinion, it was Pritchett’s contention:
[T]hat the court based the length of his sentence on the time it would take him to make restitution given his limited financial resources. He argues that, in basing his sentence on his indigency, *462 the District Court violated his constitutional right to due process. We agree with both his factual analysis and his conclusion of law. [Emphasis added.]
Pritchett, ¶ 26.
¶46 In arriving at our decision in Pritchett, we relied on the due process clause of Article II, Section 17 of the Montana Constitution and our prior decision in Farrell. We stated the issue before us as follows:
The question before us, then, is whether the District Court based Pritchett’s sentence on the length of time he would need to pay restitution. We find substantial evidence in the record that it did. Our holding in Farrell clearly applies and the sentence must be overturned as a violation of Pritchett’s right to due process.
Pritchett, ¶ 30.
¶47 We acknowledged that unlike Farrell, we had no explicit statement from the district judge that Pritchett’s sentence was based on the amount of time he would need to pay restitution but concluded, based on the PSI recommendation and other language used by the district court in the rationale for its sentence, that ability to pay was the implicit basis. Therefore, we reversed Pritchett’s sentence with the following explanation:
We hold, as we did in Farrell, that, in basing the term of his prison sentence on the defendant’s indigency, the District Court violated Pritchett’s rights to due process under Article II, Section 17 of the Montana Constitution. [Emphasis added.]
Pritchett, ¶ 37. '
¶48 The facts that both Farrell and Pritchett received the maximum sentence allowable for their offenses are simply circumstances unique to those cases. Those facts had nothing to do with the result as is evident from the clear language employed in the Pritchett decision. We set aside Pritchett’s sentence because the district court based “the term of his prison sentence on the defendant’s indigency.” Based on the District Court’s colloquy with Michelle Benoit, it is apparent that she did the same thing. The District Court made the following remarks which are strikingly similar to those made in Farrell at the time of Benoit’s sentencing hearing:
THE COURT: If I’m going to defer imposition of sentence, it seems to me that the amount of restitution requires a lengthier deferred imposition of sentence than two years. [The sentence recommended by the state]. The longest I can give you is six years. Is that what you want?
THE DEFENDANT: (No audible response).
THE COURT: All right. Now, I have to tell-you, if I’m still a *463 Judge, when you get done with this, if you get done with it quicker let’s say you get some tax refunds, pay them into the restitution then you can get it done quicker. Sometimes you get those things.
I will allow you to withdraw your plea prior to the six year period of time as long as you fulfill the conditions. Okay.
So what I’m going to do is for theft by common scheme, a felony, I’m going to defer imposition of sentence for a period of six years. I will allow you to withdraw your plea any time after two years if you have satisfied all of the conditions.
¶49 Several facts are clear from the District Court’s colloquy with the Defendant. First, the District Court imposed a deferred sentence of six years rather than the two recommended by the State because the District Court did not think Benoit could complete restitution within two years. Second, six years was the maximum deferred sentence that the District Court could impose. Third, if Benoit was able to pay restitution in less than six years, the District Court was willing to allow her to withdraw her guilty plea and thereby shorten the period of the deferred sentence.
¶50 The facts of this case come squarely within what was prohibited by our decisions in Farrell and Pritchett. What the majority has done is latch onto the inconsequential fact that those defendants received the maximum sentence for their offense rather than the maximum deferred sentence that can be imposed to totally avoid the effect of the due process protection afforded by those decisions. For all practical purposes, other than in the most extreme situations, the majority Opinion renders the rationale for Farrell and Pritchett meaningless.
¶51 Farrell and Pritchett stand for a simple but important principle. That principle is that the length of a defendant’s sentence should not be affected by the fact that a defendant is indigent. In this case, the length of Benoit’s deferred sentence is directly related to her financial status and, therefore, violates the simple but important principle established by our previous cases. For these reasons, I would reverse the sentence imposed by the District Court and remand for resentencing unrelated to Benoit’s ability to pay restitution. Because of the majority’s refusal to do so, I dissent from the majority Opinion.