No. 02-755

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 256N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

CODY BABB,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC 2001-015.
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        John Houtz, Attorney at Law, Forsyth, Montana

    For Respondent:

        Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

        Scott W. Herring, County Attorney; Mark Murphy, Special Deputy
County Attorney, Glendive, Montana

Submitted on Briefs:  April 10, 2003

Decided:  September 23, 2003

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(i), Montana Supreme Court 1996 Internal Operating Rules (Memorandum Opinions), we determine that the legal issues raised in this appeal are clearly controlled by settled Montana law; that the issues are factual and there clearly is sufficient evidence to support the findings of fact below; and that the court's conclusions of law are correct.

¶2    Cody Babb (Babb) appeals from the District Court's failure to dismiss the charge of Aggravated Kidnapping by Accountability and the sentence imposed that exceeded the terms of the plea agreement.  We affirm.

¶3    Babb pleaded guilty on December 4, 2001, to Aggravated Kidnapping by Accountability and Criminal Distribution of Dangerous Drugs in exchange for the dismissal of a charge of Deliberate Homicide by Accountability.  Babb filed a Notice of Appeal from the District Court's sentencing order entered "August 28, 2002, and September 3, 2002."

¶4    We will not address issues raised on appeal that were not raised in the district court. *State v. Whitehorn*, 2002 MT 54, ¶ 24, 309 Mont. 63, ¶ 24, 50 P.3d 121, ¶ 24 (citations omitted); § 46-20-104(2), MCA; § 46-20-701, MCA.  The record is void of any motion by Babb to dismiss the Aggravated Kidnapping by Accountability charges.  Therefore, we will not address that issue.

¶5    Because Babb pleaded guilty, he can only attack the voluntariness and intelligent character of his guilty plea; all nonjurisdictional claims are waived. *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, ¶ 23, 983 P.2d 377, ¶ 23 (citing *State v. Wheeler* (1997), 285

2

Mont. 400, 402, 948 P.2d 698, 699). Babb has not raised a jurisdictional claim (such as whether the district court could determine that the government lacked the power to bring the indictment from the face of the indictment or from the record at the time the guilty plea was accepted). *Hagan v. State* (1994), 265 Mont. 31, 36, 873 P.2d 1385, 1388; *U.S. v. Cortez* (9th Cir. 1992), 973 F.2d 764, 767. Hence, the only issue we consider is the sentence imposed.

¶6     We have stated in the past that when a district court accepts a guilty plea  pursuant to an agreement between the defendant and the State, the court is not bound by the plea agreement. *State v. Miller* (1991), 248 Mont. 194, 196, 810 P.2d 308, 309 (affirmed on appeal). The plea agreement in the instant case plainly states it is not binding upon the court. The State made the agreed upon sentence recommendation. The court acted within its powers and imposed a sentence not in accordance with the sentence recommendation but within the statutory boundaries.

¶7     We review a district court's criminal sentence for legality only, addressing whether the sentence imposed is within the parameters provided by statute. *State v. Muhammad*, 2002 MT 47, ¶ 18, 309 Mont. 1, ¶ 18, 43 P.3d 318, ¶ 18 (citing *State v. Pritchett*, 2000 MT 261, ¶ 6, 302 Mont. 1, ¶ 6, 11 P.3d 539, ¶ 6). The sentence imposed by the District Court is clearly within these parameters. We affirm.

/S/ W. WILLIAM LEAPHART

3

We concur:


/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JIM REGNIER