JUSTICE NELSON,
concurring in part and dissenting in part.
¶24 I agree with the Court that the threshold question before us is whether Kotwicki has raised “a plausible allegation that his sentence is illegal” under State v. Lenihan, 184 Mont. 338, 602 P.2d 997 (1979). See Opinion, ¶ 18. However, I disagree with the Court’s ultimate answer to this question. If we were to adhere to the doctrine of stare decisis and to our recent decision in State v. Garrymore, 2006 MT 245, 334 Mont. 1, 145 P.3d 946, we would reach the merits of Kotwicki’s sentencing claim. Unfortunately, the Court embarks on a new course that rests on erroneous interpretations of our Lenihan cases and conflicts with our decision in Garrymore, thereby creating further confusion and unpredictability in our Lenihan jurisprudence. I therefore dissent from the Court’s decision.
I
¶25 Generally, this Court will not consider an issue to which a timely objection was not made in the district court. See §§ 46-20-104(2), - 701(2), MCA; State v. Brister, 2002 MT 13, ¶ 15, 308 Mont. 154, ¶ 15, 41 P.3d 314, ¶ 15. However, in Lenihan, we recognized the following exception to the timely objection rule:
It appears to be the better rule to allow an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing.
Lenihan, 184 Mont. at 343, 602 P.2d at 1000.
¶26 As the Court notes, Kotwicki objected in the District Court to the imposition of the $25,000 fine; however, he did not base that objection on the legal theory he now raises on appeal-namely, that the District Court failed to inquire whether he had the ability to pay the fine, as required by § 46-18-231(3), MCA. Rather, his objection in the District Court was that imposition of the fine would unfairly minimize the credit for time he spent in custody before trial. See Opinion, ¶ 3. As a result, Kotwicki relies on Lenihan to obtain review of his sentencing claim in this Court.
¶27 The State argues that “Kotwicki is abusing this Court’s Lenihan jurisdiction by changing theories on appeal.” I agree with the Court, however, that “[ajppellate review under the Lenihan exception . . . depends only on whether the defendant raises a plausible allegation that his sentence is illegal, not whether such an argument constitutes a change of theory on appeal.” Opinion, ¶ 18; see also Garrymore, ¶ 13 *352 (rejecting a virtually identical argument made by the State in that case); Garrymore, ¶ 63 (Nelson, J., specially concurring) (“[I]f a challenge to a sentence comes within the meaning of Lenihan’s ‘illegal or exceeds statutory mandates’ concept, then it would be counterintuitive for us to refuse to consider that challenge on the ground that the appellant objected in the district court under one legal theory but now (on appeal) advances a different legal theory.”); Garrymore, ¶ 66 n.5 (Nelson, J., specially concurring) (“The allegation must, of course, conform to our rules and precedents requiring proper argument and citation.”).
¶28 The relevant question, therefore, is whether Kotwicki has made a plausible or colorable allegation of illegality for Lenihan purposes.
II
¶29 We have long held that a court lacks authority to impose a criminal sentence in the absence of statutory authority. See State v. Hatfield, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993) (“We have long held that a district court has no power to impose a sentence in the absence of specific statutory authority.” (citing State v. Stone, 40 Mont. 88, 105 P. 89 (1909), and State v. Openshaw, 172 Mont. 511, 565 P.2d 319 (1977))). Indeed, our cases are legion and our law well-settled that a sentencing court’s authority to impose a criminal sentence derives from the law; it is not inherent. Thus, a court’s authority to sentence exists only to the extent authorized by sentencing statutes. See State v. Hicks, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41 (“A district court’s authority in sentencing a criminal defendant is defined and constrained by statute, and the court has no power to impose a sentence in the absence of specific statutory authority.” (citing State v. Ruiz, 2005 MT 117, ¶ 12, 327 Mont. 109, ¶ 12, 112 P.3d 1001, ¶ 12)).
¶30 Consistent with these well-established principles, we formulated the Lenihan rule from the following language in State v. Braughton, 561 P.2d 1040, 1041 n.2 (Or.App. 1977):
Where, as in this case, it is alleged that a sentencing court has exceeded its statutory authority in imposing a specific sentence, an objection below is not a prerequisite to the challenging of the sentencing order alleged to be void.
See Lenihan, 184 Mont. at 342, 602 P.2d at 1000. Thus, we established that we will review a sentence that is alleged to be void on the ground that the sentencing court lacked statutory authority to impose it.
¶31 Here, the District Court ordered Kotwicki to pay a fine of $25,000. The source of the court’s authority to do so is § 46-18-231, MCA.
*353 Specifically, § 46-18-231(1)(a) provides:
Except as provided in subsection (1)(b), whenever, upon a verdict of guilty or a plea of guilty or nolo contendere, an offender has been found guilty of an offense for which a felony penalty of imprisonment could be imposed, the sentencing judge may, in lieu of or in addition to a sentence of imprisonment, impose a fine only in accordance with subsection (3). [Emphasis added.]
Section 46-18-231(3), in turn, provides:
The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine. [Emphases added.]
Thus, while subsection (l)(a) authorizes the judge to impose a fine, the judge may do so “only in accordance with subsection (3),” which states that the judge “may not” impose a fine “unless” the offender is or will be able to pay it. In other words, the judge simply has no authority to impose a fine under § 46-18-231 until a determination of ability to pay has been made.
¶32 We have previously held that a court’s authority to impose a sentence may be contingent on certain prerequisites. For instance, in State v. Pritchett, 2000 MT 261, ¶ 7, 302 Mont. 1, ¶ 7, 11 P.3d 539, ¶ 7, we held that “[d]istrict courts are not authorized to impose a sentence of restitution until all [the]... statutory requirements [found in §§ 46-18-241 to -249, MCA,] are satisfied” (emphases added). Under such a statutory scheme, therefore, any sentence imposed by the court before the prerequisites to its authority have been fulfilled will be in the absence of statutory authority. A defendant who alleges that his sentence is invalid for this reason may pass through the Lenihan gateway and have his claims reviewed on appeal. See Lenihan, 184 Mont. at 342, 602 P.2d at 1000 (“ Where, as in this case, it is alleged that a sentencing court has exceeded its statutory authority in imposing a specific sentence, an objection below is not a prerequisite to the challenging of the sentencing order alleged to be void.’ ” (emphasis added) (quoting Braughton, 561 P.2d at 1041 n.2)).
¶33 Kotwicki has made such an allegation. Quoting § 46-18-231(3), MCA, he points out that a sentencing judge may not sentence an offender to pay a fine “ ‘unless the offender is or will be able to pay the fine.’ ” He then alleges that the sentencing judge in this case “failed to follow the statutory mandate before imposing the $25,000 fine” because the judge “did not undertake a serious inquiry or separate determination regarding Kotwicki’s resources or his ability to pay a fine, or the burden of having to do so.” (In this regard, Kotwicki notes *354 that the PSI contained no comment on whether he would be able to pay a fine.) In addition, Kotwicki points out that the fact that the total amount of the fine ultimately was reduced by credit for time served “does not remedy the [District Court’s] failure to follow the statutory mandates prior to imposing a fine.” Thus, he alleges, the $25,000 fine “was not authorized” and “the resultant sentence is illegal.”
¶34 Kotwicki’s allegations are confirmed by the record before us, which reflects no determination whatsoever by the District Court that Kotwicki is or will be able to pay a $25,000 fine. Indeed, this Court observes in ¶ 21 that the District Court “made no specific findings as to Kotwicki’s ability to pay.” Thus, because § 46-18-231(3) explicitly prohibited the court from imposing a fine until it actually determined that “[Kotwicki] is or will be able to pay the fine,” and because such a determination was never made, the court lacked authority to impose the fine-plain and simple.
¶35 Accordingly, because Kotwicki alleges that the District Court lacked statutory authority to impose the $25,000 fine because it failed to make the ability-to-pay determination required by § 46-18-231(3), MCA, he has raised a plausible allegation that his sentence is illegal and he may obtain review of his sentencing claim on appeal.
Ill
¶36 In reaching the opposite conclusion that “Kotwicki makes no colorable claim here for an illegal sentence,” Opinion, ¶ 21, the Court makes a number of critical errors. First, the Court interprets “illegal” under Lenihan inconsistently with our decision in Garrymore. Second, the Court misapplies its new statutory-parameters test to Kotwicki’s claim. And third, the Court misapprehends the critical difference between the statutory language at issue in State v. Nelson, 274 Mont. 11, 906 P.2d 663 (1995), and State v. Swoboda, 276 Mont. 479, 918 P.2d 296 (1996), and the statutory language at issue here.
A
¶37 As noted above, we held in Lenihan that an appellate court may “review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing.” Lenihan, 184 Mont. at 343, 602 P.2d at 1000. Applying this rale in Garrymore, we reached the merits of Garrymore’s Sixth Amendment and state law claims notwithstanding his failure to raise those claims in the district court. See Garrymore, ¶¶ 10, 15.
*355 ¶38 Garrymore was able to pass through the Lenihan gateway and have his claims reviewed on appeal even though his sentence fell within statutory parameters. Indeed, Garrymore received a sentence of life imprisonment without the possibility of parole, which was within the parameters of § 45-5-102(2), MCA (authorizing a sentence of life imprisonment) and § 46-18-202(2), MCA (authorizing a sentencing court to restrict an offender’s parole eligibility). See Garrymore, ¶ 24. Yet, notwithstanding our decision in Garrymore, the Court reasons in the case at hand that because “Kotwicki’s fine of $25,000 falls within the parameters of [§ 46-18-231, MCA], . . . Kotwicki’s sentence is not an illegal sentence for the purposes of invoking the Lenihan rule.” Opinion, ¶ 16. Thus, under the Court’s approach today, a defendant’s sentence “is not an illegal sentence for the purposes of invoking the Lenihan rule” if it “falls within the parameters of [the pertinent] statute.”
¶39 This approach is inconsistent with our decision in Garrymore, where we reached the merits of the claims raised on appeal even though Garrymore’s sentence “[fell] within the parameters of [§§ 45-5-102(2) and 46-18-202(2), MCA].” Thus, the Court’s decision today exacerbates an already intolerable situation. As I explained in my special concurrence in Garrymore, our applications of the Lenihan exception over the past 27 years have not been consistent with respect to any one conceivable definition of “illegal or exceeds statutory mandates.” See Garrymore, ¶¶ 48, 73-76, 84-101 (Nelson, J., specially concurring). Indeed, our present jurisprudential cafeteria offers up a precedent for whatever version of Lenihan best serves a party’s particular theory in a given case. And today’s decision adds yet another dish to the already cluttered buffet.
¶40 For evidence of the inconsistency furthered by today’s decision, one need only look as far as ¶ 13 of the Court’s Opinion. The Court points out that a defendant “need only allege that the court imposed an illegal sentence” in order to invoke the Lenihan exception, and that “[w]e consistently have held that a sentence is not illegal if it falls within statutory parameters.” Thus, according to today’s decision, an illegal sentence for Lenihan purposes is one which falls outside statutory parameters. As support for this statutory-parameters interpretation of Lenihan, however, the Court cites Garrymore, even though Garrymore conflicts with this very interpretation of Lenihanl
¶41 We can only expect to see even more confused arguments from parties in future cases than we already see at present if this Court itself cannot manage to provide a cogent and consistent foundation for *356 the Lenihan exception. It is time that this Court either overrules the exception or starts applying it in a manner that is understandable and predictable. The ad hoc approach evidenced by the Court’s decision today serves no one.
B
¶42 After enunciating its statutory-parameters interpretation of Lenihan, the Court then proceeds to misapply it in the case at hand. The Court reasons that “Kotwicki’s fine of $25,000 falls within the parameters of [§ 46-18-231, MCA], and thus Kotwicki’s sentence is not an illegal sentence for the purposes of invoking the Lenihan rule.” Opinion, ¶ 16. This assertion begs the question: What are the parameters of § 46-18-231? The Court states that § 46-18-231 “authorizes the court to impose a fine not to exceed $50,000 for each felony offense in addition to or in lieu of a term of imprisonment.” Opinion, ¶ 16. True, $50,000 is one of the parameters of § 46-18-231. See § 46-18-231(4), MCA (“Any fine levied under this section in a felony case shall be in an amount fixed by the sentencing judge not to exceed $50,000.”). But, it is not the only parameter. Another parameter-the one at issue here-is that the fine must be one that the offender has the ability to pay. See § 46-18-231(3), MCA (“The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine.”). In other words, the upper parameter of § 46-18-231 is not merely $50,000; rather, it is the amount the offender “is or will be able to pay,” but no more than $50,000.
¶43 To ignore this requirement is to render the ability-to-pay language superfluous; the Legislature could simply have stated: “The sentencing court may impose a fine not to exceed $50,000.” Period. Moreover, the Court’s reasoning leads one to ask: What if the subsection (4) limitation of $50,000 did not exist? Would § 46-18-231 then be parameter-less? Would we in such circumstance ignore the ability-to-pay limitation provided in subsection (3) (as the Court seems to do here) and declare that any fine imposed-even a $25 million fine-is not an illegal sentence for the purposes of invoking the Lenihan exception because it falls within the parameters of § 46-18-231, which are $0 to infinity? This obviously absurd result is, nonetheless, the logical extension of the Court’s failure to acknowledge all of the statutory parameters set forth in § 46-18-231.
¶44 It is intellectually dishonest for this Court to assert that Kotwicki’s sentence falls within the parameters of § 46-18-231 because his sentence falls within some, though not necessarily all, of those *357 parameters. Unfortunately, the Court today either has elected to ignore an essential parameter of § 46-18-231, MCA, or has determined, on its own, that Kotwicki is, in fact, able to pay the $25,000 fine imposed by the District Court. Even if I agreed with the Corut’s statutory-parameters approach in this case-which I do not, see Garrymore, ¶¶ 66-72, 84-89, 102-04 (Nelson, J., specially concurring)-I would not join the Court in ignoring statutory language or assuming facts not in the record. See § 1-2-101, MCA (“In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” (emphasis added)); State v. Ditton, 2006 MT 235, ¶ 81, 333 Mont. 483, ¶ 81, 144 P.3d 783, ¶ 81 (Nelson, J., dissenting) (“[W]e should not be ‘infer[ring]’ the answers to the dispositive legal questions before us.” (second alteration in original)).
C
¶45 Lastly, setting aside the Court’s deviation from our decision in Garrymore and the Court’s ill-conceived statutory-parameters test (which does not withstand close scrutiny as applied to the facts of this case), I disagree with the strained analogy the Court draws between the case at hand and our decisions in Nelson and Swoboda.
¶46 In both Nelson and Swoboda, the defendants argued on appeal that because they qualified as nonviolent felony offenders, Montana law required the respective sentencing judges to consider alternatives to incarceration when sentencing them. However, neither Nelson nor Swoboda had raised this issue in the lower courts. See Nelson, 274 Mont. at 17-18, 906 P.2d at 666-67; Swoboda, 276 Mont. at 481, 918 P.2d at 297-98.
¶47 In addressing the applicability of the Lenihan exception ioNelson, we reasoned as follows:
Sections 46-18-201(11) and 46-18-225, MCA, do not preclude a court from sentencing a nonviolent felony offender to prison. . . . Although these statutes require consideration of alternatives to imprisonment, such consideration would not have necessarily changed the court’s final sentence for Nelson. Nelson’s sentence of ten years is not in excess of the maximum statutorily authorized by § 45-5-202(3), MCA.
Sections 46-18-201(11) and 46-18-225, MCA, impose an affirmative duty upon the court to take certain matters into consideration in sentencing. If the court fails to abide by this *358 requirement, the sentence is subject to challenge or objection. That does not mean, however, that in the absence of an objection, the sentence is thereby illegal. The District Court, after considering the criteria in § 46-18-225, MCA, and stating its reasons why alternatives to imprisonment were not selected as required by § 46-18- 201(11), MCA, could still have legally sentenced Nelson to ten years in prison. Thus, Nelson’s sentence does not come within the exception found in Lenihan and Hatfield.
Nelson, 274 Mont. at 19-20, 906 P.2d at 668 (emphases added). We reached the same conclusion in Swoboda based on essentially the same reasoning. See Swoboda, 276 Mont. at 482, 918 P.2d at 298.
¶48 Nelson and Swoboda make clear that an allegation that the sentencing court did not impose a particular sentence within the range authorized by the applicable punishment statutes is not the kind of error for which the Lenihan exception may be invoked. However, Nelson’s and Swoboda’s situations are readily distinguishable from Kotwicki’s.
¶49 Nelson’s and Swoboda’s sentences of ten years and fifteen years, respectively, were authorized by § 45-5-202(3), MCA (Nelson) and § 45-5-625(2)(b), MCA (Swoboda). See Nelson, 274 Mont. at 20, 906 P.2d at 668; Swoboda, 276 Mont. at 482, 918 P.2d at 298. In imposing these sentences, the sentencing courts each had an “affirmative duty” under §§ 46-18-201(11) and -225, MCA, to consider alternatives to imprisonment. However, an affirmative duty is quite different from a limitation or condition on the court’s authority to act. Sections 46-18-201(11) and -225 required consideration of alternatives to imprisonment, but they did not state that the sentencing judge “may not” sentence a nonviolent felony offender to prison “unless” alternatives to imprisonment are inappropriate for or inapplicable to the offender. Indeed, we explained in Nelson that “[s]ections 46-18-201(11) and 46-18-225, MCA, do not preclude a court from sentencing a nonviolent felony offender to prison.” Nelson, 274 Mont. at 19, 906 P.2d at 668.
¶50 The statutory language at issue here, by contrast, does preclude a court from imposing a fine. Specifically, § 46-18-231(3) provides that “[t]he sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine” (emphases added). This is the crucial distinction between Nelson/Swoboda and the case at hand-a distinction which, unfortunately, has eluded the Court today. Whereas consideration of alternatives to imprisonment was not *359 a prerequisite to or limitation on the judge’s authority to impose a sentence of imprisonment in Nelson and Swoboda, a determination that the offender is or will be able to pay is a prerequisite to and limitation on the judge’s authority to impose a fine on Kotwicki.
¶51 Even under the Court’s statutory-parameters test, Nelson and Swoboda are readily distinguishable from the case at hand. Nelson’s sentence of ten years fell within the parameters of § 45-5-202(3), MCA (1993) (authorizing a sentence “not to exceed 10 years” in the state prison), and Swoboda’s sentence of fifteen years fell within the parameters of § 45-5-625(2)(b), MCA (1993) (authorizing a sentence “not to exceed 50 years” in the state prison). However, the statutory parameters at issue here are the amount Kotwicki “is or will be able to pay” and “not to exceed $50,000.” Section 46-18-231(3), (4), MCA. Unless we engage in our own fact-finding-an action of dubious propriety-there is simply no way for us to know on the record before us whether Kotwicki’s sentence falls within these parameters, since the District Court made no specific findings as to the amount Kotwicki “is or will be able to pay.” If the most Kotwicki “is or will be able to pay” is, in actual fact, $10,000, then the statutory parameters are $0 to $10,000, and the $25,000 fine is not within statutory parameters. (It falls within the parameters of subsection (4), but not subsection (3).)
¶52 The Court contends that “[t]he District Court, had it considered the statutory requirements of § 46-18-231(3), MCA, legally could have imposed a $25,000 fine upon Kotwicki.” Opinion, ¶ 16. This, however, is a flat-out misstatement of the statutory language, since a court’s legal authority to impose a fine does not arise from mere “consideration” of the statutory requirements of § 46-18-231(3). For instance, assume that the District Court “considered the statutory requirements of § 46-18-231(3),” and that, in so doing, the court determined that Kotwicki is or will be able to pay a fine of only $10,000. In this scenario, even though the court did as this Court posits-namely, “considered the statutory requirements of § 46-18-23 l(3)”-it legally could not have imposed a $25,000 fine upon Kotwicki. The relevant question, therefore, is whether the District Court legally could have imposed a $25,000 fine upon Kotwicki without first determining that Kotwicki is or will be able to pay it. The answer to this question, as § 46-18-231(3) makes clear, is a resounding No!”
¶53 To be sure, I do not disagree with the Court’s analogy between Nelson/Swoboda and the second sentence of § 46-18-231(3), which states as follows: “In determining the amount and method of payment, the sentencing judge shall take into account the nature of the crime *360 committed, the financial resources of the offender, and the nature of the burden that payment of the fine will impose.” Taking these factors into account is not a prerequisite to or limitation on the court’s authority to impose a fine; rather, the specific contingency on the court’s authority is contained only in the first sentence of § 46-18-231(3).
¶54 The plain language of the statute makes this distinction clear. “The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine.” Section 46-18-231(3), MCA (emphases added). Once the judge makes that determination, the judge has the authority to impose a fine up to the amount the offender is or will be able to pay, but no more than $50,000. Next, “[i]n determining the amount and method of payment, the sentencing judge shall take into account the nature of the crime committed, the financial resources of the offender, and the nature of the burden that payment of the fine will impose.” Section 46-18-231(3), MCA (emphasis added). However, failure to take these factors into account when determining the amount and method of payment does not divest the court of its authority to impose the fine in the first place; rather, taking these factors into account is merely an “affirmative duty” in the same sense that consideration of alternatives to imprisonment was an “affirmative duty” in Nelson and Swoboda. Whether the court fulfills that duty or not, its authority to impose the fine (within the limits provided elsewhere in § 46-18-231) still exists.
¶55 For these reasons, Kotwicki’s sentencing claim is distinguishable in all material respects from the sentencing claims at issue in Nelson and Swoboda, and the result the Court reaches here is, therefore, not supported by those cases.
IV
¶56 In conclusion, the Court’s resolution of Kotwicki’s sentencing claim conflicts with our decision in Garrymore. The Court relies on a statutory-parameters interpretation of the Lenihan exception, which is inconsistent with our reaching the merits of Garrymore’s sentencing claims. As a result, the Court creates further confusion and uncertainty in an already muddled Lenihan jurisprudence. Moreover, the Court ultimately misapplies its statutory-parameters test by failing to identify correctly the parameters set forth in § 46-18-231, MCA.
¶57 Kotwicki’s allegation that the District Court did not have authority to impose the $25,000 fine on him because the court did not *361 make the prerequisite determination of his ability to pay the fine is sufficient to invoke the Lenihan exception. The Court has misapplied the exception and, therefore, has erroneously refused to review the merits of Kotwicki’s claims, which are quickly disposed of, as follows.
¶58 Because the District Court failed to determine that Kotwicki “is or will be able to pay the fine,” as required by § 46-18-231(3), the court had no authority to impose the fine. Moreover, as a result of the court’s omission, we do not know whether, as applied to Kotwicki, the upper parameter of § 46-18-231 is $50,000 or something less (corresponding to what Kotwicki “is or will be able to pay”).
¶59 Accordingly, the judgment of the District Court should be reversed as to this portion of Kotwicki’s sentence and the case should be remanded for resentencing pursuant to a proper application of § 46-18-231, MCA. “If this Court will not hold district courts ... to the requirements so clearly spelled out by the Montana Legislature, who will?”In re AS., 2006 MT 281, ¶ 64, 334 Mont. 280, ¶ 64, 146 P.3d 778, ¶ 64 (Gray, C.J., dissenting).
¶60 I dissent from the Court’s decision.